UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| ADAM OWEN GRADY,<br><br>                    Plaintiff,<br><br>    vs.<br><br>ALEJANDRO REYES, Warden, Mike Durfee State Prison, individual and official capacity; STATE OF SOUTH DAKOTA, individual and official capacity; MEGAN KRUEGER, States Attorney at Pennington County, individual and official capacity,<br><br>                    Defendants. | 4:25-CV-4068-KES<br><br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND 1915A SCREENING |

Plaintiff, Adam Owen Grady, an inmate at the Yankton Community Work Center, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. Grady also filed a motion for leave to proceed in forma pauperis and provided his prisoner trust account report. Dockets 2, 3.

I.    **Motion for Leave to Proceed In Forma Pauperis**

Under the Prison Litigation Reform Act, a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). The court, may, however, accept partial payment of the initial filing fee where appropriate. Therefore, "[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan." *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (per

curiam) (alteration in original) (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)). The initial partial filing fee that accompanies an installment plan is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of:

> (A) The average monthly deposits to the prisoner's account; or
> (B) The average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Grady reports an average monthly balance for the past six months in his prisoner trust account of negative $458.27 and an average monthly deposit of $11.00. Docket 3. Based on this information, the court grants Grady's motion for leave to proceed in forma pauperis (Docket 2) and waives his initial partial filing fee because the initial partial filing fee would be greater than his current balance. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").

In order to pay his filing fee, Grady must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). The installments will be collected pursuant to this procedure. The Clerk of Court will send a copy of this order to the appropriate financial official at Grady's institution. Grady remains responsible for the entire filing fee, as long as he is a prisoner. *See In re Tyler,* 110 F.3d 528, 529–30 (8th Cir. 1997).

## II.     1915A Screening

### A.     Factual Background Alleged by Grady

Grady claims that he has been unconstitutionally imprisoned and that defendants have violated his "right to be free." Docket 1 at 4 (capitalization in original omitted). His complaint is devoid of any facts supporting this claim. *Id.* at 4. Grady's complaint states only that each of his claims against Reyes, Krueger, and the State of South Dakota "fall[] under the 6th amendment right to have compedent [sic] counsel" as well as "the right to be free and not to be unconstitutionally imprisoned. Also due prosess [sic]." *Id.* (capitalization in original omitted). Grady sues each of the defendants in their individual and official capacities. *Id.* at 2. Grady states that he has suffered a "loss of freedom, loss of being able to take care of [his] family and exceed [sic] in life." *Id.* at 4 (capitalization in original omitted). Grady seeks $15 million in damages as compensation for "loss of liberaties [sic], reputation, and pain and suffering." *Id.* at 7 (capitalization in original omitted).

### B.     Legal Standard

The court must assume as true all facts well pleaded in the complaint when screening under 28 U.S.C. § 1915A. *Est. of Rosenberg v. Crandell*, 56

F.3d 35, 36 (8th Cir. 1995). Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993) (per curiam) (citation omitted); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007) (per curiam).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). If it does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). *Twombly* requires that a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true[.]" *Twombly*, 550 U.S. at 555 (citations omitted); *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory (citation omitted)). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they "(1) [are] frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2)

4

seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). This court will now assess the claims under 28 U.S.C. § 1915A.

    **C.**    **Legal Analysis**

        **1.**    **Official Capacity Claims Against Reyes and the State of South Dakota**

Grady brings claims against Reyes in his official capacity as Warden of Mike Durfee State Prison (MDSP), and therefore as an employee of the State of South Dakota. Docket 1 at 2. As the Supreme Court of the United States has stated, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (citing *Brandon v. Holt*, 469 U.S. 464, 471 (1985)). Thus, this claim is construed as a suit against the state itself and can be evaluated under the same analysis as Grady's claim against the State of South Dakota. *Id.*; Docket 1 at 2.

While "[§] 1983 provides a federal forum to remedy many deprivations of civil liberties, . . . it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Will*, 491 U.S. at 66. The Eleventh Amendment generally acts as a bar to suits against a state for money damages unless the state has waived its sovereign immunity. *Id.* Here, Grady seeks monetary damages, Docket 1 at 7, and the State of South Dakota has not waived its sovereign immunity. Thus, Grady's claims against the State of South Dakota and Reyes in his official capacity for money damages

5

are dismissed with prejudice under 28 U.S.C §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).

### 2. Individual Capacity Claim Against Reyes

Grady summarily alleges that he has been unconstitutionally imprisoned and states that "every one of [his claims] falls under the right to be free and not to be unconstitutionally imprisoned. Also due prosess[,] [sic]" as well as the Sixth Amendment right to competent counsel. Docket 1 at 4 (capitalization in original omitted).

Although "pro se complaints are to be construed liberally," the Eighth Circuit held that "they still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The court explained:

> When we say that a pro se complaint should be given liberal construction, we mean that if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework. That is quite different, however, from requiring the district court to assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint.

*Id.* at 915. While a plaintiff is not required to plead "detailed factual allegations," a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell*, 550 U.S. at 555 (internal quotations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a

6

claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

Here, Grady provides no factual support for his claims. Docket 1. While he requests damages for his "loss of liberaties [sic], reputation, and pain and suffering[,]" Grady does not provide any specific instances of conduct to support these damages, nor does he explain how Reyes' conduct caused this harm. Docket 1 at 7 (capitalization in original omitted). Thus, Grady's claim against Reyes in his individual capacity is dismissed without prejudice for failure to state a claim upon which relief can be granted under 28 U.S.C §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

### 3. Claims against Krueger

Grady brings claims for money damages against Megan Krueger, a deputy State's Attorney in Pennington County, in both her individual and official capacities. Docket 1 at 2, 7. "A suit against a public official in [her] official capacity is actually a suit against the entity for which the official is an agent." *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). "Because the real party in interest in an official-capacity suit is the governmental entity and not the named official, 'the entity's "policy or custom" must have played a part in the violation of federal law.' " *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (quoting *Graham*, 473 U.S. at 166). "Personal-capacity suits, on the other hand, seek to impose individual liability upon a government officer for actions taken under color of state law." *Id.* "[T]he plaintiff in a personal-capacity suit need not

7

establish a connection to governmental 'policy or custom,' " like the plaintiff must in an official capacity suit. *Id.* (citing *Graham*, 473 U.S. at 166–67).

### a. Official Capacity

"A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). Therefore, Grady's claim against Krueger in her official capacity as a Pennington County Deputy State's Attorney is equivalent to a claim against Pennington County.

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Instead, a county "can only be held liable for the unconstitutional acts of its employees under § 1983 'when those acts implement or execute an unconstitutional policy or custom of the [political] subdivision.' " *Marquez v. Peterson*, 2025 WL 815208, at *4 (D.S.D. Mar. 13, 2025) (quoting *Johnson v. Outboard Marine Corp.,* 172 F.3d 531, 535 (8th Cir. 1999)); *see also Clay v. Conlee*, 815 F.2d 1164, 1170 (8th Cir. 1987) (finding that "the [governmental] entity's official 'policy or custom' must have 'caused' the constitutional violation" in order for that entity to be liable under § 1983). Because Grady does not allege that Pennington County had a policy or custom that caused a violation of his federal rights, his claim against Pennington County, and therefore Krueger in her official capacity, is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

### b. Individual Capacity

Grady also seeks monetary damages from Krueger based on claims brought against her in her individual capacity. Docket 1 at 2, 7. Generally, prosecutors enjoy absolute immunity from damages liability. *Jorgensen v. Union Cnty.*, 2023 WL 4868325, at *4 (D.S.D. July 31, 2023) (citing *Burns v. Reed*, 500 U.S. 478, 486 (1991)). "[A]bsolute immunity defeats a suit at the outset, so long as the official's actions were within the scope of the immunity." *Imbler v. Pachtman*, 424 U.S. 409, 419 n.13 (1976). Prosecutors enjoy absolute immunity while performing their prosecutorial duties "insofar as that conduct is 'intimately associated with the judicial phase of the criminal process[.]' " *Burns*, 500 U.S. at 486 (quoting *Imbler*, 424 U.S. at 430); *see also Anderson v. Larson*, 327 F.3d 762, 768 (8th Cir. 2003) (holding that absolute immunity shields prosecutors from liability for "prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process" (citations omitted)). Absolute immunity may not apply, however, when a prosecutor, instead of acting as "an officer of the court," is engaged in other tasks, such as "investigative or administrative tasks." *Van de Kamp v. Goldstein*, 555 U.S. 335, 342 (2009) (quoting *Imbler*, 424 U.S. at 431 n.33).

Grady has not alleged any facts stating that Krueger was not acting within her prosecutorial functions in pursuit of a criminal prosecution. *See generally* Docket 1. Therefore, prosecutorial immunity applies, and Grady's claim against Krueger in her individual capacity for monetary damages is

9

dismissed without prejudice on the basis of prosecutorial immunity under 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).

### III. Conclusion

Thus, it is ORDERED:

1. That Grady's motion for leave to proceed in forma pauperis, Docket 2, is granted.

2. That the Clerk of Court shall send a copy of this order to the appropriate financial official at Grady's institution.

3. That the institution having custody of Grady is directed that whenever the amount in Grady's trust account, exclusive of funds available to him in his frozen account, exceeds $10.00, monthly payments that equal 20 percent of the funds credited the preceding month to Grady's trust account shall be forwarded to the U.S. District Court Clerk's Office under 28 U.S.C. § 1915(b)(1), until the $350 filing fee is paid in full.

4. That Grady's claims against Reyes in his official capacity are dismissed with prejudice under 28 U.S.C §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).

5. That Grady's claims against Reyes in his individual capacity are dismissed without prejudice under 28 U.S.C §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

6. That Grady's claims against the State of South Dakota are dismissed with prejudice under 28 U.S.C §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).

7. That Grady's claims against Krueger in her official and individual capacity are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii),(iii) and 1915A(b)(1),(2).

Dated August 13, 2025.

                        BY THE COURT:

                        /s/ *Karen E. Schreier*
                        KAREN E. SCHREIER
                        UNITED STATES DISTRICT JUDGE